UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE SHOMO,
  a/k/a Jose J. Shomo,

                           Plaintiff,

               v.                                      9:15-CV-1029
                                                          (GLS/ATB)

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION et al.,

                         Defendants.
_____

APPEARANCES:

JOSE SHOMO,
  a/k/a Jose J. Shomo
01-A-0080
Plaintiff, pro se
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

GARY L. SHARPE
United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

     The Clerk has sent to the Court for review a pro se civil rights complaint filed by

plaintiff Jose Shomo, a/k/a Jose J. Shomo, pursuant to 42 U.S.C. § 1983 ("Section 1983");

Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; and Section

504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 *et seq*. Dkt. No.

1 ("Compl."). Plaintiff has not paid the filing fee for this action, but submitted an in forma

pauperis application. Dkt. No. 2 ("IFP Application"). Plaintiff has also filed motions for appointment of pro bono counsel and preliminary injunctive relief.[1] Dkt. Nos. 4, 5.

## II. DISCUSSION

### A. IFP Application

Upon review, the Court finds that plaintiff has submitted a signed IFP Application, (Dkt. No. 2), which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 7. Accordingly, plaintiff's IFP Application is granted.[2]

### B. Initial Screening

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil

---

[1] Plaintiff requests both a temporary restraining order and a preliminary injunction. Dkt. No. 5 at 1. The Court will refer to the motion as a request for preliminary injunctive relief, which will encompass both requests.

[2] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of N.Y.*, 607 F.3d 18, 21 (2d Cir. 2010)).

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.[3]  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[3] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241 (TJM/RFT), 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325.

3

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**C.     Summary of the Complaint**

In his complaint, plaintiff asserts claims arising out of his confinement at Fishkill Correctional Facility ("Fishkill C.F.") and Coxsackie Correctional Facility ("Coxsackie C.F."). *See generally* Compl. Plaintiff names two defendants: the State of New York Department of Corrections and Community Supervision (DOCCS), and Corision Health Services. Compl. at 1-2. The following facts are set forth as alleged by plaintiff in his complaint. Plaintiff is a quadriplegic inmate who "requir[es] assistance with writing, bathing, feeding, toileting [and] all manual task[s]." Compl. at 4. On August 3, 2012, the Superintendent of Fishkill C.F., where plaintiff was then incarcerated, issued an order that plaintiff would no longer receive any assistance with writing of any sort from anyone at the facility. *Id*. at 4. The order remained in effect from August 3, 2012 until December 2, 2013. *Id*. On December 2, 2013, plaintiff was transferred to Coxsackie C.F., where he was again denied any assistance with writing of any kind. *Id*. On May 15, 2014, the Superintendent of Coxsackie C.F. provided plaintiff with an

4

inmate scribe for one hour per week, but the scribe was prohibited from writing any grievances or legal documents on plaintiff's behalf. *Id*. Effective August 15, 2014, the Superintendent increased plaintiff's scribe privileges to one hour each day, five days a week, but again prohibited any assistance with preparing grievances or legal documents. *Id*. at 4-5.

Plaintiff was convicted of second degree murder in 2000 based, in part, on testimony from a Federal Bureau of Investigation (FBI) lab specialist who testified that the bullet found in the victim matched the metal found in a box of bullets that were in plaintiff's apartment. Compl. at 3. In June of 2012, plaintiff received a letter from the FBI advising that the "probative value" of evidence described in testimony given by an FBI lab specialist could have been "misunderstood" by the jury. Dkt. No. 1-1 at 4-6. Based upon this letter, plaintiff wished to file a successive petition for a writ of habeas corpus in federal court challenging his conviction. Compl. at 3. On July 26, 2012, the Clerk of the Second Circuit Court of Appeals sent plaintiff its form application for leave to file a second or successive habeas petition. *Id*. at 4. Plaintiff has been denied assistance to fill out the Second Circuit application and has attempted to obtain assistance from the facility law library "with frustrating results." *Id*. at 6. "Plaintiff is being irreparably harmed, in that he has evidence to prove his actual innocence and is being denied access to the courts to present said evidence." *Id*.

Plaintiff's assigned inmate scribe was also prohibited from assisting plaintiff with "other activities of daily living," including eating food sent to plaintiff from outside of the facility through the DOCCS Home Package Program or purchased through the DOCCS commissary. *Id*. at 5. Plaintiff asked to receive reasonable accommodations to allow him to participate in the Home Package Program or the commissary by providing him help with

5

eating the food he purchased through those programs, but the Superintendent refused to allow the nursing staff or an inmate assistant to provide such assistance. *Id*.

Construing plaintiff's complaint liberally, he asserts the following claims: (1) a First Amendment denial of access to the courts claim and (2) and claims that his rights were violated under Title II of the ADA and § 504 of the Rehabilitation Act because he was denied reasonable accommodations which would permit him to participate DOCCS Home Package Program and commissary services provided by DOCCS or to have access to the courts. Plaintiff seeks injunctive relief. *Id*. at 7. For a complete statement of plaintiff's claims, refer to the complaint.

**D.     Analysis**

### 1. First Amendment Denial of Access to the Courts Claim Asserted Under Section 1983

It is well settled that inmates have a First Amendment right to "petition the Government for a redress of grievances." *See* U.S. Const. amend I.[4] This right, which is more informally referred to as a "right of access to the courts," requires States "to give prisoners a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights." *Bounds v. Smith*, 430 U.S. 817, 828 (1977), *modified on other grounds, Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see Bourdon v. Loughren*, 386 F.2d 88, 92 (2d Cir. 2004). "However, this right is not 'an abstract, freestanding right . . . .' and cannot ground a Section 1983 claim without a showing of 'actual injury.'" *Collins v. Goord*, 438 F. Supp. 2d 399, 415 (S.D.N.Y. 2006) (quoting *Lewis*, 518 U.S. at 351).

---

[4] *See* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.").

6

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating both (1) that the defendant acted deliberately and maliciously, and (2) that the plaintiff suffered an actual injury. *Lewis*, 518 U.S. at 353. "A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." *Amaker v. Haponik,* No. 98 Civ. 2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb.17, 1999). Instead, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 349, 351-53. "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'" *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (citing *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)).

Here, plaintiff claims that, because he was denied an inmate scribe, or assistance from any person at his facility to prepare legal documents, he was unable to complete and file an application for leave to file a second or successive petition with the Second Circuit Court of Appeals to challenge his conviction based upon new information received from the FBI. Compl. at 2-6. Mindful of the requirement to liberally construe pro se pleadings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff may allege a First Amendment denial of access to the courts claim. Despite this, plaintiff's First Amendment denial of access to the courts claim, which is asserted under Section 1983, nonetheless fails. In order to state a claim under Section 1983, a plaintiff must show that a person acting under color of state law deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. Simply stated, because only "persons" may act under color of state law, a defendant in a Section

7

1983 action must qualify as a "person." As noted above, in his complaint plaintiff names the State of New York Department of Corrections and Community Supervision and Corision Health Services as the only defendants. Compl. at 1-2.

"[A] state agency[ ] is not susceptible to liability under section 1983, both because such an agency is not a 'person' within the meaning of that statute, *see Will v. Mich. Dep't of Police,* 491 U.S. 58, 70-71, 100 S. Ct. 2304, 105 L. Ed.2d 45 (1989), and because state agencies are entitled to Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)." *Bhatia v. Connecticut Dep't of Children & Families (DCF)*, 317 F. App'x 51, 52 (2d Cir. 2009). *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought.); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (Eleventh Amendment barred plaintiff from seeking injunctive relief under Section 1983 against a state agency); *Allah v. Comm. of Dep't of Corr. Servs.*, 448 F. Supp. 1123 (N.D.N.Y. 1978) (Munson, D.J.) (state agencies are not "persons" for purposes of Civil Rights Act, whether the relief sought is injunctive and declaratory relief or damages).[5] Thus, DOCCS is not amenable to relief under Section 1983.

Plaintiff alleges that Corision Health Services "is a for hire health service provider"

---

[5] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution. Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

8

under contract with DOCCS. Compl. at 2. A medical entity or department is not a "person" under Section 1983. *See Martin v. UConn Health Care*, No. 3:99-CV-2158, 2000 WL 303262, at *1-2 (D. Conn. Feb. 9, 2000) (Uconn Health Care and Correctional Management is not a person within the meaning of § 1983) (citing *Fisher v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison medical department is not a person for purposes of § 1983); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759, at *1 (S.D.N.Y. 1991) (Otisville Correctional Facility medical staff not a person under § 1983). Because it is not a person, Corision Health Services may not be sued under Section 1983.

Accordingly, plaintiff's First Amendment denial of access to the courts claim does not survive sua sponte review and is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. ADA and Rehabilitation Act Claims

Plaintiff, who is a quadriplegic, claims that the Superintendents at Fishkill C.F. and Coxsackie C.F. denied him access to programs or services available to other DOCCS inmates, namely the ability to consume foods received through the Home Package Program or purchased from the commissary, and access to the courts. Compl. at 4-6. Although plaintiff names Corision Health Services as a defendant, plaintiff includes no facts to plausibly suggest that Corision Health Services was involved in deciding that plaintiff would allegedly be denied reasonable accommodations to consume food purchased through the Home Package Program or the commissary, or to access the courts. Indeed, the complaint asserts that these decisions were made by the Superintendents of Fishkill C.F. and Coxsackie C.F. Compl. at 3-6. Accordingly, plaintiff's ADA and Rehabilitation Act claims

9

against defendant Corision Health Services are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Mindful of the requirement to liberally construe pro se pleadings, *see Sealed Plaintiff*, 537 F.3d at 191, the Court finds that the complaint alleges enough to warrant a responsive pleading from DOCCS to the ADA and Rehabilitation Act claims set forth in the complaint. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

### E. Appointment of Counsel

Turning to plaintiff's motion for appointment of counsel, (Dkt. No. 4), Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 621).

This action was only recently commenced. No defendant has yet responded to the allegations contained in the complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of the complaint where plaintiff states the facts surrounding his claim. Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, such a party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96 Civ. 6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Moreover, even if the Court were to conclude that plaintiff's position seems likely to be of substance, the Court finds that the relevant factors weigh decidedly against granting plaintiff's motion at this time. For example, the Court finds that: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez*, 899 F. Supp. at 974; (4) if this case survives any dispositive motions filed by the defendant, it is highly probable that this Court will appoint trial counsel at the final pretrial conference; and (5) it is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For these reasons, plaintiff's motion for the appointment of counsel, (Dkt. No. 4), is denied without prejudice. After DOCCS has responded to the allegations in the complaint, and the parties have undertaken discovery, if the case survives to that point, plaintiff may file

11

a second motion for appointment of counsel, at which time the Court may be better able to determine whether such appointment is warranted in this case.

**F.     Motion for Preliminary Injunctive Relief**

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v.*

*Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *See Moore*, 409 F.3d at 511.

Plaintiff requests a court order directing that he be provided "with the requisite access to the courts and necessary reasonable accomodations which would allow the Plaintiff to participate in DOCCS programs, services and activities as would a non-handicapped person." Dkt. No. 5 at 2. Plaintiff thus requests mandatory injunctive relief which will change the status quo. Plaintiff however has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a "clear" or "substantial" showing of a likelihood of success on the merits of his claim, or that extreme or very serious damage will result from a denial of preliminary relief. *Cacchillo*, 638 F.3d at 406; *Tom Doherty Assocs., Inc.*, 60 F.3d at 33-34; *see Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Additionally, since DOCCS has not yet answered, and, indeed, has not even been served, the Court cannot ascertain plaintiff's likelihood of success, or whether he has otherwise met the standard for issuance of preliminary injunctive relief.

For the foregoing reasons, plaintiff's motion, (Dkt. No. 5), for preliminary injunctive relief is denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**[6]; and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 7), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form (Dkt. No. 7) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) the First Amendment denial of access to the courts claims against both defendants and (2) the ADA and Rehabilitation Act claims against defendant Corision Health Services[7]; and it is further

**ORDERED** that Corision Health Services is **DISMISSED without prejudice** as a defendant; and it is further

**ORDERED** that plaintiff's ADA and Rehabilitation Act claims against DOCCS survive the Court's sua sponte review pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C.

---

[6] Although his IFP Application has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[7] Should plaintiff seek to pursue any of the claims dismissed without prejudice, he may file an amended complaint in accordance with Federal Rule of Civil Procedure 15. Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised. Any amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. If plaintiff chooses to amend his First Amendment denial of access to the courts claim, he will need to identify an individual or individuals responsible for the alleged wrongdoing.

§ 1915A(b) and require a response; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon defendant the State of New York Department of Corrections and Community Supervision. The Clerk shall forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the complaint be filed by DOCCS, or its counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED without prejudice**; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 5) is **DENIED**; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

November 18, 2015
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge