UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE SHOMO a/k/a Jose J.
Shomo,

                Plaintiff,

        v.

STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,

                Defendant.

9:15-CV-1029
(GLS/ATB)

---

APPEARANCES:

JOSE SHOMO
01-A-0080
Plaintiff, pro se
Wende Correctional Facility
P.O. Box 1187
Alden, NY 14004

HON. ERIC T. SCHNEIDERMAN      ORIANA L. CARRAVETTA
New York State Attorney General      Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, NY 12224

GARY L. SHARPE
Senior United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

     Plaintiff Jose Shomo commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"); Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794 et seq., together with an application to proceed in

forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order of this Court filed on November 18, 2015, plaintiff's IFP Application was granted, one defendant and some of plaintiff's claims were dismissed, and defendant the State of New York Department of Corrections and Community Supervision was directed to respond to the ADA and Rehabilitation Act claims set forth in the complaint. Dkt. No. 9 (the "November 2015 Order").[1] Defendant has filed an answer to the complaint. Dkt. No. 16. A Mandatory Pretrial Discovery and Scheduling Order was issued on March 10, 2016. Dkt. No. 17.

Presently pending is plaintiff's motion for preliminary injunctive relief and a renewed request for appointment of counsel.[2] Dkt. No. 18. Defendant opposes the motion for preliminary injunctive relief. Dkt. No. 19. Plaintiff replied to defendants opposition. Dkt. No. 31.[3]

## II. DISCUSSION

### A. Summary of Plaintiff's Complaint[4]

Plaintiff is a quadriplegic inmate who "requir[es] assistance with writing, bathing, feeding, toileting [and] all manual task[s]." Compl. at 4. In his complaint, plaintiff alleged that between August 3, 2012, and December 2, 2013, while he was incarcerated at Fishkill Correctional Facility ("Fishkill C.F."), the Superintendent issued an order that plaintiff would no longer receive assistance with writing. *Id*. On December 2, 2013, plaintiff was transferred

---

[1] Plaintiff's Section 1983 claims and all claims against defendant Corision Health Services were dismissed without prejudice. *Id*.

[2] Plaintiff's first request for appointment of counsel, Dkt. No. 4, was denied in the November 2015 Order. *See* November 2015 Order at 10-12, 15.

[3] Plaintiff received permission and multiple extensions of time to file a reply. Dkt. Nos. 22, 27, 29.

[4] The Court will only summarize the facts relevant to the ADA and Rehabilitation Act claims that survived sua sponte review.

2

to Coxsackie Correctional Facility ("Coxsackie C.F.") and was again denied any assistance with writing of any kind. *Id*. On May 15, 2014, the Superintendent of Coxsackie C.F. provided plaintiff with an inmate scribe for one hour per week, and two months later, increased plaintiff's scribe privileges to one hour each day, five days a week, but the scribe was prohibited from writing any grievances or legal documents on plaintiff's behalf. *Id*. at 4-5. While at Coxsackie C.F., plaintiff asked to receive reasonable accommodations to allow him to participate in the Home Package Program or the commissary by providing him help with eating the food he received or purchased through those programs, but the Superintendent refused to allow the nursing staff or an inmate assistant to provide such assistance. *Id*. at 5. Plaintiff requested injunctive relief. *Id*. at 7.

**B.    Motion for Preliminary Injunctive Relief**

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief

requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc*. *v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005).[5]

In his motion requesting preliminary injunctive relief, plaintiff states that he was transferred to Wende Correctional Facility ("Wende C.F.") on December 10, 2015. Dkt. No. 18 at 1. Plaintiff believes that the "transfer was in retaliation" because he no longer receives "the few reasonable accommodations that [he] was receiving at Coxsackie Correctional Facility" even though DOCCS's Directive # 2614 "stat[es] that those accommodations should carry over to the next jail once you are transferred." *Id*. Plaintiff alleges that since his transfer to Wende C.F., he has received little or no assistance with writing; been denied a bookholder and mouthstick to assist him with reading on his own; been denied access to headphones, a television, and personal property; and not been bathed or provided with clean

---

[5] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

4

clothing. *Id*. Plaintiff requests an order "listing each service that the Defendant must provide" to plaintiff, or in the alternative, an order directing plaintiff's transfer back to Coxsackie C.F., or another facility with a Regional Medical Unit (RMU) located within the Northern District of New York. *Id*.

Defendant opposes plaintiff's motion, urging its denial, arguing that plaintiff has failed to meet the requirements needed to obtain preliminary injunctive relief. Dkt. No. 19. Defendant has submitted a declaration from Robin Neal, the Deputy Superintendent of Health for Wende C.F. Dkt. No. 19-1. Defendant argues that Neal's declaration demonstrates that "[e]ach item sought by plaintiff in his motion . . . has either been provided to him, is in the process of being provided to him, or has been taken away from him for legitimate reasons." Dkt. No. 19 at 2. Neal confirms that plaintiff "requires assistance with eating, bathing, taking medication, and writing, among other things." Dkt. No. 19-1 ¶ 4. Neal avers that plaintiff was transferred to Wende C.F. to be confined in the Special Housing Unit (SHU), but because of his severe physical limitations, he is "confined to a room, by himself, in the medical unit" so that his incarceration "comports with his SHU designation, but keeps him close to medical staff as he needs assistance in all aspects of daily living." *Id*. ¶ 5. Neal alleges that (1) a library law clerk visits plaintiff in his room at least once a week, and sometimes more depending on availability; (2) a mouthstick is available for plaintiff's use at Wende C.F., but it can only be used in conjunction with a bookholder; (3) a bookholder has been ordered for plaintiff; (4) as an SHU inmate, plaintiff is "not entitled to have personal belongings in his room" and while it is possible that plaintiff might be entitled to have headphones and a radio, he has "display[ed] such severely difficult and disturbing behavior so regularly, that he is denied" this privilege; and (5) plaintiff gets a complete bed bath from

5

the nursing staff daily, and after each bath, receives a clean gown and bedding. *Id*. ¶¶ 9-13. On occasion, "plaintiff's behavior has been so bad that staff was literally unable to provide him with a bath" but he "has never been without a bath for more than two or three days. Plaintiff's allegation that he has been denied a bath since December is completely false." *Id*. ¶ 13.

In reply, plaintiff again argues that his transfer to Wende C.F. was retaliatory. Dkt. No. 31 at 1-2. In addition to his claims set forth in his motion, plaintiff alleges for the first time in his reply that he is at risk for choking and was prescribed a special pitcher and drinking straw so that he can consume thickened liquids. *Id*. at 2. Plaintiff claims that between December 11, 2015 and January, 2016, he was repeatedly denied his prescribed pitcher and drinking straw, and as a result was transported multiple times to an outside hospital because of medical issues arising from not being able to eat. *Id*. Plaintiff also alleges that, since his transfer to Wende C.F. in December, 2015, he was assaulted six times; subjected to cruel and unusual conditions of confinement; denied due process with respect to disciplinary hearings; and denied his medically ordered frequent small meals, physical therapy, and tens unit treatment for pain management. *Id*. Additionally, plaintiff argues that in accordance with DOCCS regulations, he is entitled to have personal property in SHU. *Id*.

Plaintiff's motion for preliminary injunctive relief is denied for the following reasons. First, plaintiff alleges that he is being denied adequate assistance with writing at Wende C.F. Dkt. No. 18. Even if the Court were to assume (without deciding) that plaintiff alleges that he may suffer irreparable harm without court intervention, plaintiff's submission, which is construed to seek mandatory injunctive relief, fails to demonstrate, with evidence, a "clear and substantial" showing of a likelihood of success or that extreme or very serious damage

6

will result if the motion is denied. Indeed, plaintiff offers no evidence to even meet the lesser standard required for a prohibitory injunction - a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."); *Moore*, 409 F.3d at 510 (preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)); *Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT), 2012 WL 651919, at *8 (N.D.N.Y. Feb. 28, 2012) ("Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief."). Indeed, the allegations set forth in plaintiff's motion are completely contradicted by the declaration of Robin Neal. *Compare* Dkt. No. 18 *with* Dkt. No. 19-1. The Court takes no position at this time on the merits of either plaintiff's allegations, or those of Neal; however, after reviewing the record in its entirety, the Court finds that plaintiff has failed to meet the burden required for issuance of the preliminary injunctive relief.

Second, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied

7

where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). In his motion, plaintiff alleges that he was transferred to Wende C.F. in retaliation for bringing this lawsuit. Dkt. Nos. 18, 31. Plaintiff also alleges that, since his transfer to Wende C.F., staff at that facility have denied him a mouthstick, a bookholder, a medically prescribed pitcher and straw, his personal property, baths, fresh clothing, and medically prescribed physical therapy and tens unit treatment for pain management. Dkt. Nos. 18, 31. Plaintiff also alleges that staff at Wende C.F. have denied him due process at disciplinary hearings and have subjected him to excessive force and cruel and unusual conditions of confinement. Dkt. No. 31 at 1-3. These claims are not sufficiently related to the claims in the complaint that DOCCS denied him reasonable accommodations at Fishkill C.F. and Coxsackie C.F. in 2012 through December 10, 2015 by denying him access to an inmate scribe and or assistance that he would need to eat food that he received or purchased through the Home Package Program or the commissary. *See generally* Compl. Indeed, many of these new claims raised in the motion for preliminary injunctive relief and in plaintiff's reply to defendant's opposition are essentially claims that unidentified defendants at Wende C.F. allegedly violated his constitutional rights. These claims arising at Wende C.F., which is located in the Western District of New York, are more appropriately addressed through administrative channels at Wende C.F. and the Department of Corrections and Community Supervision and, if necessary, by means of a properly filed Section 1983 action in the Western District of New York. Moreover, to the

8

extent that any of the claims concerning alleged denial of reasonable accommodations at Wende C.F. could be construed as related to the claims in the complaint, as noted above, plaintiff has failed to sustain his burden to entitle him to preliminary injunctive relief.

Finally, it is DOCCS, and not this Court, that determines where plaintiff will be housed during his period of incarceration. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States") (citations omitted); *Olim v. Wakinekona*, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility). It is well-established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care." *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998).

Accordingly, for the foregoing reasons, plaintiff's motion, (Dkt. No. 18), requesting preliminary injunctive relief is denied.

### C.     Motion for Appointment of Counsel

Plaintiff has renewed his request for appointment of counsel. Dkt. No. 18 at 2. The Court denied plaintiff's prior motion (Dkt. No. 4) for appointment of counsel, noting among other things that

> even if the Court were to conclude that plaintiff's position seems likely to be of substance, the Court finds that the relevant factors weigh decidedly against granting plaintiff's motion at this time. For example, the Court finds that: (1) the case does not present novel or complex issues; (2) it appears to the Court as though, to date, plaintiff has been able to effectively litigate this action; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination, if or when this case progresses to trial, as is the case in many actions

9

> brought by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez* [*v. O'Keefe*], 899 F. Supp. [972, ]974 [(N.D.N.Y. 1995) (McAvoy, C.J.)]; (4) if this case survives any dispositive motions filed by defendant, it is highly probable that this Court will appoint trial counsel at the final pretrial conference; and (5) it is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

November 2015 Order at 11. Although plaintiff appears to claim that his physical disabilities limit his ability to litigate his claims, plaintiff has been able to effectively litigate this action to date. Insofar as plaintiff claims that he does not receive assistance with writing as quickly as he would like, his recourse in that instance is to apply to the Court for an appropriate extension of time, when necessary.

Plaintiff's renewed motion for the appointment of counsel, (Dkt. No. 18), is denied for the reasons set forth herein and in the November 2015 Order.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's renewed motion for appointment of counsel (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties

**IT IS SO ORDERED.**

October 21, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge