**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSE SHOMO,**

                         **Plaintiff,**

                         **v.**

**STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION et al.,**

                         **Defendants.**

                         **9:15-cv-1029
                         (GLS/ATB)**

_____

## SUMMARY ORDER

Plaintiff *pro se* Jose Shomo commenced this action against several defendants, pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act (ADA),[1] and Section 504 of the Rehabilitation Act of 1973[2] ("Rehabilitation Act"). (Compl., Dkt. No. 1). Most of the defendants have since been terminated, (Dkt. No. 81 at 26), leaving the State of New York Department of Corrections and Community Supervision (DOCCS); William Connolly, then-Superintendent of Fishkill Correctional Facility; and Daniel Martuscelllo, then-Superintendent of Coxsackie Correctional Facility as the

---

    [1] *See* 42 U.S.C. §§ 12101-12213.

    [2] *See* 29 U.S.C. §§ 701-796l.

only defendants, (*id.* at 25-26).

In granting in part Shomo's motion to file an amended complaint, (Dkt. No. 78), the court permitted the following claims to proceed: (1) First Amendment access-to-courts claims against Connolly and Martuscello; and (2) ADA and Rehabilitation Act claims for monetary damages against DOCCS.  (Dkt. No. 81 at 25.)  The amended and operative complaint was filed shortly thereafter.  (Am. Compl., Dkt. No. 82.)

Upon completion of discovery, defendants moved for summary judgment, seeking dismissal of the amended complaint.  (Dkt. No. 132.)  Shomo filed a response, (Dkt. No. 142), in which he requested sanctions be imposed against defendants, (Dkt. No. 142, Attach. 2).  On October 7, 2019, Magistrate Judge Andrew T. Baxter issued a Report-Recommendation (R&R) recommending that this court deny Shomo's request for sanctions, and grant defendants' motion for summary judgment and dismiss the amended complaint.  (Dkt. No. 154.)  Pending are Shomo's objections to the R&R.[3]  (Dkt. No. 158.)  For the reasons that

---

[3] Defendants submitted a letter motion on December 4, 2019 requesting the court to find that Shomo had waived his right to object to the R&R, and to enter judgment for defendants.  (Dkt. No. 157.)  This motion is denied.  The deadline for Shomo to file objections was set as November 25, 2019.  (Dkt. No. 156.)  Although his objections were not

follow, the R&R is adopted in its entirety.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3-4 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only vague or general objections have been filed, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.*

While Shomo filed objections to the R&R consisting of forty-four pages[4] and ninety-seven paragraphs, most of them are clearly without

---

filed on the docket until December 3, 2019, (Dkt. No. 158), they are dated and were submitted to prison officials on November 20, 2019, (*id.* at 43-44), and are therefore timely. *See Sides v. Paolano*, 782 F. App'x 49, 50 (2d Cir. 2019) ("Under the prison mailbox rule, a *pro se* prisoner's [document] is deemed filed upon its delivery to prison authorities for transmittal to the district court." (citations omitted)); *Yancey v. Robertson*, No. 9:17-cv-0381, 2019 WL 315048, at *1 (N.D.N.Y. Jan. 24, 2019) ("Under the prison mailbox rule, the objection [to the R&R] was timely filed." (citing *Mannix v. Phillips*, 619 F.3d 187, 196 (2d Cir. 2010)).

[4] Objections are limited by the Local Rules to no more than twenty-five pages without prior leave of the court. *See* N.D.N.Y. L.R. 72.1(c). Although Shomo requested an extension of time to file his

merit for several reasons: they relate to matters outside the scope of the R&R,[5] they overlook or misapprehend the reasons supporting the recommendations in the R&R, they rehash arguments previously presented to and rejected by Judge Baxter, and/or they raise new arguments not presented to Judge Baxter in the initial briefing. (*See generally* Dkt. No. 158.)

Accordingly, the vast majority of Shomo's objections invoke review only for clear error. *See Williams v. Smith*, No. 9:11-CV-0601, 2015 WL 1179339, at *1 (N.D.N.Y. Mar. 13, 2015) (dismissing objections that

---

objections to the R&R, (Dkt. No. 155), which was granted, (Dkt. No. 156), he did not request, and was not granted, leave to file objections that exceeded the twenty-five page limit. Accordingly, the court would be justified in either rejecting the objections altogether or considering only the first twenty-five pages. But given Shomo's *pro se* status, the court has considered the entire document.

[5] For example, Shomo discusses his criminal proceedings and the resulting murder conviction at length, (Dkt. No. 158 at 15-20), but those proceedings are not at issue in the R&R, (Dkt. No. 154). Specifically, Shomo's request to reopen the criminal proceedings in state court and require the state court to conduct a discovery hearing, (Dkt. No. 158 at 15-20), is not related in any way to the R&R, is procedurally and substantively improper, and is denied. *See Luevano v. Clinton*, No. 5:10-CV-754, 2010 WL 3338704, at *5 (N.D.N.Y. July 1, 2010) (denying a plaintiff's request for the federal court to reopen and review his criminal conviction in state court because, *inter alia*, "[n]one of the defendants [in the instant action] owe any duty to plaintiff regarding his [state] criminal conviction"), *adopted by* 2010 WL 3338711 (N.D.N.Y. Aug. 20, 2010).

4

consisted of "general or irrelevant statements"); *Almonte*, 2006 WL 149049 at *4 (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement"); *Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all."). With regard to these objections, the court has carefully considered the R&R, and finds no clear error in Judge Baxter's thorough analysis, which squarely addresses Shomo's arguments and provides multiple, appropriate reasons for granting defendants' motion for summary judgment. (*See generally* Dkt. No. 154.)

However, Shomo also made specific objections to essentially all of the R&R's findings, for which the court has conducted a *de novo* review. *See Almonte*, 2006 WL 149049, at *3-4. Having carefully considered the R&R in light of Shomo's objections, the court sees no reason to repeat what is said in the R&R in conducting a *de novo* review because this court reaches the same conclusions as those reached by Judge Baxter. (*See generally* Dkt. No. 154.) Accordingly, the R&R is adopted in its entirety.

Accordingly, it is hereby

5

**ORDERED** that defendants' letter motion requesting a finding that Shomo waived his right to object to the Report-Recommendation (Dkt. No. 157) is **DENIED**; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 154) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 132) is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint (Dkt. No. 82) is **DISMISSED**; and it is further

**ORDERED** that Shomo's request for sanctions (Dkt. No. 142, Attach. 2 at 9, 12-18) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 30, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge